ALD-167                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-4104
_____

AUGUSTUS SIMMONS,
Appellant

v.

CAPTAIN SZELEWSKI; CORRECTIONAL OFFICER WILLIAMSON;
CORRECTIONAL OFFICER SILLOWAY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1-13-cv-00258)
District Judge Cathy Bissoon
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
March 3, 2016

Before:  AMBRO, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: March 7, 2016)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Augustus Simmons appeals from the judgment of the United States District Court for the Western District of Pennsylvania in his § 1983 action. As the appeal does not present a substantial question, we will summarily affirm the decision of the District Court.

I.

Simmons initiated this § 1983 action in 2013 against three officials from SCI-Albion – Captain Szelewski, and Corrections Officers Williamson and Silloway – alleging that these Defendants destroyed his legal property and then retaliated against him for grieving this destruction, in violation of his First, Fourth, and Fourteenth Amendment rights.

Simmons alleges that on January 15, 2013, Silloway and Williamson conducted an investigative search of his cell in his absence and confiscated "over 300 pages of very important legal papers." Simmons contends that he was "in the middle of filing a major lawsuit[1] and a PCRA" at the time of the confiscation, and that the confiscated materials included ten witness affidavits related to his lawsuit, in addition to a 250-page pro se PCRA petition[2] with related exhibits and transcripts. Simmons filed a request to Szelewski the same day, requesting the return of all legal materials but advising Szelewski to "keep all of the gang material." On February 18, 2013, Simmons filed a

---

[1] The suit is apparently a § 1983 claim against Corrections Officer Handwerk and alleges that "Handwerk conspired with a known rival gang member to Stab Mr. Simmons while Handwerk mask[ed] the event by issuing a false misbehavior report."

[2] State court records indicate that Simmons filed a pro se PCRA petition on January 2, 2013, two weeks before the alleged confiscation.

2

grievance indicating he had not yet received a response from Szelewski and requesting that his legal papers be returned before February 28, 2013 because he needed to file a new PCRA petition by March 6, 2013.

On May 19, 2013, Simmons filed a grievance acknowledging that he was finally able to review his legal papers that day, but that 300 unspecified papers were missing. On June 11, 2013, Szelewski denied this grievance, finding that only 88 pages were confiscated – legal transcripts with gang information written on the back – and that copies of these transcripts were returned to Simmons with the gang information removed. Szelewski allegedly denied confiscating a civil complaint or any PCRA materials.

Simmons claims that, at an unspecified time, Szelewski threatened to send him to the "gang unit" if he continued filing grievances. Simmons also claims that, as a result of the confiscation, he "has now been time barred on his PCRA's[3] [due] to the Defendants' actions by not returning all of [his] legal paper, also [he] has los[t] a very good law suit that would have been very victorious [due] to all of the evidence collected by Plaintiff."

On August 20, 2014, the Magistrate Judge recommended that Silloway and Williamson be dismissed from the action, but that Simmons be permitted to proceed on his retaliation claim against Szelewski. The District Judge adopted this Report and Recommendation on September 22, 2014, over Simmons' objections. On November 10,

---

[3] On January 8, 2014, almost a year after the confiscation, the Montgomery County Court of Common Pleas advised Simmons of its intent to dismiss his PCRA petition after its receipt of a "no merit" letter issued by Simmons' counsel, unless Simmons responded to the proposed dismissal within twenty days.

2015, the Magistrate Judge recommended that Szelewski's motion for summary judgment on the retaliation claim be granted. The District Court entered an order on December 22, 2015, adopting the Report and Recommendation over Simmons' objections, and marking the case as closed. Simmons filed a timely Notice of Appeal from this order on December 30, 2015.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's dismissal under Rule 12(b)(6) using the same test that the District Court should have applied and ask whether it has "sufficient factual matter; accepted as true; to state a claim to relief that is plausible on this face." Fantone v. Latini, 780 F.3d 184, 186-193 (3d Cir. 2015) (citing Ashcroft v. Iqbal; 556 U.S. 662 678 (2009)).

We also exercise plenary review over the District Court's award of summary judgment and apply the same test the District Court should have utilized – whether the record "shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). In applying this test, we must accept evidence presented by the non-movant as true and draw all justifiable factual inferences in his favor. Id. We may summarily affirm any decision of the District Court where "it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action." 3d Cir. I.O.P. 10.6 (2015).

4

As to Simmons' due process claim, the District Court correctly dismissed it, finding that the availability of a post-deprivation grievance procedure afforded Simmons sufficient due process in connection with his confiscated property. Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."). As noted by the District Court, Simmons availed himself of an adequate post-deprivation remedy when he utilized the prison's internal grievance system.

As to Simmons' access to courts claim, the District Court accurately observed that, to state such a claim in this context, Simmons' complaint must "describe the underlying arguable claim well enough to show that it is more than mere hope, and . . . describe the lost remedy." Monroe v. Beard, 536 F.3d 198, 205-06 (3d Cir. 2008) (quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002)). The Court concluded that Simmons' underlying PCRA claim lacked merit because his own counsel had issued a "no merit" letter, and even so, Simmons had until January 28, 2014 to respond to the notice of dismissal – more than a year after the initial confiscation.

As to the confiscation of his civil complaint, the District Court concluded that he failed to establish that his claim was factually viable or that the alleged destruction caused him to lose it – the Court noted he could have redrafted it. We detect no error in

5

either of these conclusions.[4] See Monroe, 536 F.3d at 206 (observing that a "claim rest[ing] solely on the ground that the defendants confiscated . . . legal materials, contraband and non-contraband alike[,]" is insufficient on its face to state a denial of access to courts claim).

With respect to Simmons' Fourth Amendment claim, the District Court correctly concluded that the Fourth Amendment does not apply to searches of prison cells or seizures of property within them. See Hudson, 468 U.S. at 536 (1984) ("We hold that the Fourth Amendment has no applicability to a prison cell."). Finally, the District Court correctly dismissed Simmons' conspiracy claim, finding that it lacked an adequate factual basis. See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 182 (3d Cir. 1988) ("A general allegation of conspiracy without a statement of the facts is an allegation of a legal conclusion and insufficient of itself to constitute a cause of action.") (quoting Black & Yates v. Mahogany Ass'n, 129 F.2d 227, 231–32 (3d Cir. 1941)).

In granting Szelewski's motion for summary judgment, the District Court found that Simmons failed to exhaust his administrative remedies in connection with his retaliation claim because he failed to grieve the alleged retaliatory threats made by Szelewski. We agree.

Section 1997e of the Prison Litigation Reform Act (PLRA) provides, in part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this

---

[4] In his Argument in Support of Appeal, Simmons argues that he was "unable" to file his civil complaint after it was confiscated, but points to no factual support for that contention in the record.

title . . . until such administrative remedies as are available are exhausted." The phrase "prison conditions" is to be construed broadly and includes "all inmate suits about prison life, whether they involve general circumstances or particular episodes." Porter v. Nussle, 534 U.S. 516, 532 (2002).

DC-ADM 804, which governs the grievance and appeals process in Pennsylvania correctional institutions, provides for a three-step process, and this Court has frequently observed that a plaintiff must follow *each* of these steps to exhaust his administrative remedies under the PLRA. See, e.g., Booth v. Churner, 206 F.3d 289, 299 (3d Cir. 2000) (2001) (noting that plaintiff "did not take full advantage of the administrative procedures available to him" in failing to use steps two and three of DC–ADM 804). Here, Simmons failed to exhaust his administrative remedies because he failed to file an initial grievance regarding the alleged retaliation by Szelewski, or reference the alleged threats in any of his other grievances.[5]

Accordingly, we will affirm the decision of the District Court.

---

[5] In his Argument in Support of Appeal, Simmons contends that the District Court failed to consider "the fact that Silloway and Williamson confiscated civil/criminal documents out of retaliation" – suggesting that they confiscated his documents to retaliate against him for attempting to file a lawsuit against another corrections officer. Even if he did properly raise this claim below, he could not avert summary judgment by relying on a bare allegation of retaliation. First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 290 (1968) (noting that plaintiff cannot rest on his allegations to get to a jury without "any significant probative evidence tending to support the complaint").